UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

N‌ICHOLAS R‌OBINSON, #834348,

        Plaintiff,                              Hon. Jane M. Beckering

v.                                                  Case No. 1:22-cv-1172

U‌NKNOWN A‌TKINS, et al.,

        Defendants.

_____/

### REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 21). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted in part and denied in part.

### BACKGROUND

Plaintiff initiated this action against Elsa Akins and Matthew Brown, Corrections Officers at the Oaks Correctional Facility where the events giving rise to this matter occurred. In his amended complaint, (ECF No. 16), Plaintiff alleges that on July 3, 2022, Defendants Akins and Brown destroyed his religious property in retaliation for grievances Plaintiff filed against prison staff. Plaintiff alleges that Defendants' conduct violated his First and Fourteenth Amendment rights. Defendants now move for summary judgment on the ground that Plaintiff failed to properly exhaust his

-1-

administrative remedies. Plaintiff has responded to Defendants' motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant

-2-

probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d 465 at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). This obligation only extends, however, to such administrative remedies as are available. *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his

-4-

control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019). If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

The evidence, viewed in a light most favorable to Plaintiff, reveals the following. On July 3, 2022, Plaintiff filed a grievance alleging that on July 3, 2022, Defendant Akins verbally abused him and destroyed his religious property. (ECF No. 36, PageID.211). The following day, Plaintiff filed a grievance alleging that on July 3, 2022, Defendant Brown likewise verbally abused him and destroyed his religious property. (ECF No. 36,

PageID.212).   These two grievances were returned to Plaintiff with the instruction, "this is one incident re-write as one grievance and re-submit."   (*Id.*).

There is no dispute that Plaintiff did, in fact, re-submit his allegations in a single grievance as instructed.   (ECF No. 36, PageID.213).   The parties dispute, however, whether Plaintiff timely submitted his corrected grievance.   As Defendants observe, Plaintiff's corrected grievance was rejected as untimely at all three steps of the grievance process.   (ECF No. 22-3, PageID.104-09).   The record contains no explanation as to why Plaintiff's grievance was deemed to be untimely.   Defendants argue that Plaintiff's corrected grievance was properly rejected as untimely because it "was not filed until July 25, 2022."   (ECF No. 22, PageID.90).

Defendants' argument, however, conflates two distinct events: (1) the date on which Plaintiff *submitted* his grievance and (2) the date Plaintiff's grievance was *received and processed*.   While Defendants have presented evidence that Plaintiff's corrected grievance was received and processed on July 25, 2022 (ECF No. 22-3, PageID.109), Defendants have presented no evidence on the question when Plaintiff submitted his grievance for processing.   On this latter question, Plaintiff asserts, in his sworn response to Defendants' motion, that he submitted his corrected grievance "the same day" he was instructed to do so.   (ECF No. 36-1, PageID.209).

The Court is reluctant to interject itself into the MDOC's prison grievance process. Nevertheless, courts are not obligated to simply disregard errors or mistakes in the enforcement or application of prison grievance policies.   *See, e.g., Burnett v. Walsh*, 2020

-6-

WL 3716555 at *3-4 (E.D. Mich., June 15, 2020) (court recommended that motion for summary judgment on failure to exhaust grounds be denied after finding that MDOC "improperly rejected" prisoner's grievance)[1]; *Ashley v. Boayue*, 2020 WL 5985203 at *5-6 (E.D. Mich., Feb. 18, 2020) (court recommended that motion for summary judgment on failure to exhaust grounds be denied in part after finding that MDOC "improperly rejected" prisoner's grievance)[2].

Defendants have presented no evidence that Plaintiff failed to timely submit his corrected grievance. On the other hand, Plaintiff has presented evidence, which, interpreted in his favor, indicates that he did, in fact, timely submit his corrected grievance. Accordingly, the undersigned recommends that the denial of Plaintiff's corrected grievance as untimely be rejected. As such, the undersigned further recommends that, as to the claims articulated in Plaintiff's corrected grievance, Defendants have failed to satisfy their burden to obtain relief on exhaustion grounds.

As Defendants correctly note, however, Plaintiff's corrected grievance does not encompass all the claims articulated in his amended complaint. Specifically, Plaintiff's corrected grievance contains no allegations against Defendant Brown. (ECF No. 22-3, PageID.109). Moreover, while Plaintiff alleges in his corrected grievance that Defendant Akins violated his First Amendment rights, Plaintiff makes no allegations

---

[1] This recommendation was adopted as the opinion of the Court after no party objected thereto. *Burnett v. Walsh*, 2020 WL 3639564 (E.D. Mich., July 6, 2020).

[2] This recommendation was adopted as the opinion of the Court after no party objected thereto. *Ashley v. Boayue*, 2020 WL 4282198 (E.D. Mich., July 27, 2020).

concerning violations of due process or equal protection.  (*Id.*).  Plaintiff has presented no evidence that he submitted any other grievances regarding the events in question.

Accordingly, the undersigned concludes that with respect to Plaintiff's claims against Defendant Brown and Plaintiff's Fourteenth Amendment claims against Defendant Akins, Defendants have satisfied their burden on the exhaustion question. With respect to Plaintiff's First Amendment claims against Defendant Akins, however, the undersigned finds that Defendants have failed to meet their burden.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 21) be granted in part and denied in part. Specifically, the undersigned recommends that (1) Plaintiff's claims against Defendant Brown and (2) Plaintiff's Fourteenth Amendment claims against Defendant Akins be dismissed without prejudice for failure to exhaust administrative remedies but that Plaintiff's First Amendment claims against Defendant Akins proceed forward.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                Respectfully submitted,

Date: May 6, 2024                                /s/ Phillip J. Green
                                                PHILLIP J. GREEN
                                                United States Magistrate Judge