UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS ROBINSON,

    Plaintiff,

v.

ELSA ATKINS, et al.,

    Defendants.
_____/

Case No. 1:22-cv-1172

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants Corrections Officers Elsa Akins and Matthew Brown (collectively, "Defendants") violated his First and Fourteenth Amendment rights by destroying his religious property in retaliation for grievances that he filed against prison staff. Defendants filed a motion for summary judgment (ECF No. 21), arguing that Plaintiff had not exhausted his administrative remedies for the claims against them. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, ECF No. 43), recommending that this Court grant in part and deny in part Defendants' motion. The matter is presently before the Court on Plaintiff's objections (ECF No. 48) to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

With regard to the claims against Defendant Brown and Plaintiff's Fourteenth Amendment claim against Defendant Akins, the Magistrate Judge recommends that the motion be granted

because Plaintiff's corrected grievance does not encompass those claims and Plaintiff presented no evidence that he submitted any other grievances regarding the events in question (R&R, ECF No. 43 at PageID.246–47). The Magistrate Judge recommends that the motion be denied with respect to Plaintiff's First Amended Claim against Defendant Akins, which is exhausted by Plaintiff's corrected grievance (*id.* at PageID.247).

      Plaintiff presents essentially two arguments in his objections to the Report and Recommendation. First, he objects to the Magistrate Judge's determination that Plaintiff had not exhausted claims against Defendant Brown because Defendant Brown "threaten [*sic*] and intimidated him from proceeding [him] through grievance process" (Pl. Obj., ECF No. 48 at PageID.261). In addition to his objections, Plaintiff submitted an affidavit, in which he attests that Defendant Brown told plaintiff, "since you want to file a grievance on me, we're going to make your life a living hell" (ECF No. 49 at PageID.272). Plaintiff's argument lacks merit. Absent compelling reasons, a party is not allowed to raise for the district court new arguments or issues that were not presented to the Magistrate Judge. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing, *inter alia*, *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)); *see also Glidden Co. v. Kinsella,* 386 F. App'x 535, 544 n.2 (6th Cir. 2010) (observing that a party waives an argument if it does not raise it before a magistrate judge). "Objections to a report and recommendation on a motion for summary judgment must be based on the evidence available to the Magistrate Judge at the time he considered the motion. It is inappropriate to offer new evidence at the time objections are filed and to argue that the Magistrate Judge erred in his recommendation." *Coleman v. Dahlstrom,* No. 2:05–CV–30, 2006 WL 644477, at *1 (W.D. Mich. Mar. 9, 2006). The issue of Plaintiff's failure to exhaust his administrative remedies as to his claims against Defendant Brown was squarely presented in Defendants' motion for summary

judgment. Plaintiff has articulated no reason for failing to present before the Magistrate Judge evidence of Defendant Brown's alleged threats and interference with the grievance process. The Court accordingly declines to consider Plaintiff's new argument and evidence

Even if Plaintiff had timely presented the evidence, the evidence would not create a genuine issue of material fact regarding Plaintiff's failure to exhaust his administrative remedies as to his claims against Defendant Brown. Furthermore, the fact of Plaintiff filing suit against Brown belies his contention that Brown successfully thwarted Plaintiff's ability to file claims against him. In sum, Plaintiff's argument does not reveal any legal error by the Magistrate Judge based on the record before him.

Second, Plaintiff objects to the Magistrate Judge's determination that Plaintiff had not exhausted his Fourteenth Amendment claims against Defendants (Pl. Obj., ECF No. 48 at PageID.265). Plaintiff's argument lacks merit. Plaintiff does not explain how his corrected grievance served to exhaust the claims against Defendants, nor does he point to any oversight by the Magistrate Judge in his determination that the corrected grievance contained no allegations concerning violations of due process or equal protection. Accordingly, Plaintiff's argument does not demonstrate any error in the Magistrate Judge's conclusion that Plaintiff failed to exhaust his administrative remedies with respect to his Fourteenth Amendment claims against Defendants.

In sum, Plaintiff's objections fail to demonstrate any factual or legal error in the Magistrate Judge's analyses or conclusions. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Therefore:

**IT IS HEREBY ORDERED** that the objections (ECF No. 48) are DENIED, and the Report and Recommendation of the Magistrate Judge (ECF No. 43) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 21) is GRANTED IN PART and DENIED IN PART as set forth in the Report and Recommendation; specifically, Plaintiff's claims against Defendant Matthew Brown and Fourteenth Amendment claims against Defendant Elsa Akins are DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies. Defendant Matthew Brown is TERMINATED as a party in this case. This case proceeds on Plaintiff's First Amendment claims against Defendant Elsa Akins.

Dated:  July 1, 2024                                                    /s/ Jane M. Beckering
                                                                            JANE M. BECKERING
                                                                            United States District Judge